**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| NELSON YUDINI GUADRON, | No. 13-72517 |
| Petitioner, | Agency No. A094-178-309 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2015[**]
Pasadena, California

Before: FARRIS and BYBEE, Circuit Judges and TIGAR,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jon S. Tigar, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Petitioner Nelson Guadron appeals the decision of the Board of Immigration Appeals denying his request for deferral of removal under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We affirm.

To uphold the BIA's decision that Mr. Guadron is not entitled to deferral of removal under the CAT, substantial evidence in the record must support the conclusion that Mr. Guadron did not show it is more likely than not he will be tortured if removed to El Salvador. 8 C.F.R. § 1208.16(c), 8 C.F.R. § 1208.17(a). The record includes a 2007 State Department Issue Paper on gang organizations in El Salvador, which declares that official anti-gang efforts have not infringed upon the human rights of suspected gang members, and that it is not a Salvadoran government policy or practice to target suspected gang members for abuse or execution or to deny assistance to persons who receive threats from gangs. The report also documents that the State Department has found no evidence that law enforcement officers summarily detain, beat, or execute gang-affiliated individuals who are removed from the United States to El Salvador. A State Department report can alone outweigh an applicant's evidence that he is likely to suffer torture. *Konou v. Holder*, 750 F.3d 1120, 1125 (9th Cir. 2014). The State Department's declarations were amply pertinent and authoritative to outbalance Mr. Guadron's

evidence, which was not always specific or authenticated, even if truthful and troubling.

We also review the BIA's decision to ensure it includes sufficient explanation and "a minimum degree of clarity in dispositive reasoning and in the treatment of a properly raised argument" to comport with constitutional due process and to enable this Court to perform meaningful appellate review. *She v. Holder*, 629 F.3d 958, 963 (9th Cir. 2010). Even where, as here, the record contains substantial evidence to affirm the BIA's decision, "the law requires more than a cursory explanation" of how that evidence was weighed and analyzed, particularly where a petitioner has given credible testimony that may refute the significance of the evidence offered by the government. *Id.* at 963 n.3.

The BIA announced its decision in a brief opinion that listed the evidence it considered, indicated in citations that it relied on the Department of State Issue Paper and evidence of country conditions, identified the correct legal standard, and clearly communicated its decision. We are satisfied from the record that the BIA conducted a reasonable and particularized analysis of the issues. It also communicated a sufficiently plain explanation of its reasoning and conclusion to Mr. Guadron.

**AFFIRMED.**